## Tichenor, et al. v. McHenry Coal Co.

(Decided November 18, 1919.)

## Appeal from Ohio Circuit Court.

1. Mines and Minerals—Royalties—Damages.—In this action by lessors to recover of the lessee of coal lands, royalties which they claimed they would have received under the lease for coal mined thereon, but for the lessee's abandonment of the lease before the expiration of the term; and also to recover damages, claimed to have resulted to the leased premises, from the lessee's alleged improper manner of conducting its mining operations thereon: Held, that the judgment of the circuit court rejecting both claims and dismissing the petition, was authorized by the evidence.

2. Mines and Minerals—Royalties—Evidence.—The first claim was properly rejected because, according to the evidence, the royalties admittedly received by the lessors, altogether, not only paid what was due them under the lease as long as the mining operations were conducted by the lessee thereunder, but also what they would have been entitled under the terms of the lease to receive, by way of royalties, if the mining operations on the land had continued the full term of the lease.

3.   Mines and Minerals—Damages—Pleading—Evidence.—If it could
     be said that the averments of the petition respecting the second
     claim showed that the injuries to the land complained of, result-
     ing mainly from the dumping of waste from the mine on it, were
     not necessarily incidental to the proper conduct of the mining
     operations and such as the parties, in entering into the lease, must
     have contemplated would necessarily result to the land, it was,
     at any rate, made to appear from the weight of the evidence that
     this was the case.

WOODWARD & KIRK and HEAVRIN & MARTIN for appellants.

H. P. TAYLOR for appellee.

Opinion of the Court by Judge Settle—Affirming.

This action was brought by appellants in the Ohio
circuit court, seeking to recover of appellee damages al-
leged to have resulted to certain leased premises while
in its possession; also certain royalties, at the rate of
$30.00 per month, claimed by appellants for coal that was
or might have been mined by appellee on the same prem-
ises. The answer of appellee put in issue all the allega-
tions of the petition and the trial resulted in a judgment
dismissing the petition, from which judgment this appeal
is prosecuted.

The demands of appellants arose out of the alleged
abandonment by appellee of a lease of certain coal lands
made it by appellants, appellee claiming that such
abandonment resulted because the supply of coal under
the land became exhausted and made the further mining
of same unprofitable and impossible, and gave it the
right, reserved therein, to terminate the lease. The show-
ing made by the answer and proof as to the matter of the
royalties claimed, seems to fairly sustain the defense that
nothing was due appellants on that score; in other words,
that the royalties admittedly received by appellants al-
together, paid what was due them under the lease and
all they would have been entitled to receive, if the min-
ing operations on the land had continued for the full
term of the lease. We think the claim of appellants to
the royalty was properly refused by the court.

The alleged injuries to the leased premises for which
appellants claimed damages were not sufficiently shown
by the evidence. It may well be questioned whether the
averments of the petition show that the injuries com-
plained of, which seem to have resulted mainly from the

dumping of waste from the mine on the land, were not necessarily incidental to the proper conduct of the mining operations and such as the parties, in entering into the lease, must have contemplated would necessarily result to the land. At any rate, the weight of the evidence seems to be to the effect that this was the case.

It is true appellee did not notify appellants of its purpose to abandon the lease after nearly completing the term, but as the latter received all the royalty they would have been entitled to had the lease not been abandoned, and the land escaped any injury that might have resulted to it by further operation of the mine, we quite agree with the circuit court that they were not damaged by the failure of appellee to give them notice of its purpose to abandon the lease.

As we find no cause for disagreeing with the conclusions reached by the circuit court, the judgment must be and is affirmed.